IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB WINDING dba Top to Bottom Cleaning Service, | CV F 10 - 2026 AWI DLB |
| Plaintiff, | ORDER ON DEFENDANT'S MOTION TO DISMISS, |
| v. | MOTION TO STRIKE AND REQUEST FOR JUDICIAL |
| NDEX WEST, LLC as TRUSTEE; WELLS FARGO BANK, N.A., and | NOTICE |
| DOES 1 through 100, inclusive, | Doc. #'s 6, 7 and 8 |
| Defendants | |

This is an action for monetary damages, declaratory and injunctive relief and to quiet title by Jacob Winding dba Top to Bottom Cleaning Service ("Plaintiff") against defendants, NDEX, LLC, and Wells Fargo Bank, N.A. (Collectively, "Defendants"). The action arises out of the foreclosure and sale of a parcel of land located in Salida in Stanislaus County. In the complaint, Plaintiff alleges claims for relief for wrongful foreclosure, quiet title, tortious interference with contractual relations, conversion, infliction of emotional distress and seeks injunctive and declaratory relief. In the instant set of motions, Defendants seek to strike Plaintiff's claims for punitive damages and seek to dismiss each of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants also request the court take judicial notice as to a number of documents. The parties do not dispute that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Venue is proper in this court.

**JUDICIAL NOTICE**

Defendants' request for judicial notice, Document No. 8, was filed concurrently with their motion to dismiss, on November 4, 2010. The request for judicial notice requests that the court take judicial notice of the following documents, copies of which are attached as exhibits to the request:

1. Deed of Trust recorded in the official records of the Stanislaus County Recorder on April 26, 2007, as Document No. 2007-0052948-00. Attached as Exhibit A.
2. Certificate of Corporate Existence dated April 21, 2006, issued by the Office of Thrift Supervision, Department of the Treasury ("OTS"). Exhibit B.
3. Letter dated November 19, 2007, issued by the OTS. Exhibit C.
4. Charter of Wachovia Mortgage, FSB, dated December 31, 2007, reflecting in Section 4 that it is subject to the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461, *et seq.*, and the OTS. Exhibit D.
5. Official Certification of the Comptroller of the Currency ("OCC") stating that effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A. Exhibit E.
6. Deed of Trust recorded in the official records of the Stanislaus County Recorder on August 18, 2009, as Document No. 2009-0081520-00. Exhibit F.
7. Quitclaim Deed recorded in the official records of the Stanislaus County Recorder on December 7, 2009, as Document No. 2009-0116659-00. Exhibit G.
8. Notice of Default recorded in the official records of the Stanislaus County Recorder on March 24, 2010, as Document No. 2010-0026825-00. Exhibit H.
9. Notice of Trustee's Sale recorded in the official records of the Stanislaus County Recorder on June 25, 2010, as Document No. 2010-0055740-00. Exhibit H.
10. Trustee's Deed Upon Sale recorded in the official records of the Stanislaus County

Recorder on September 30, 2010, as Document No. 2010-0088286-00.  Exhibit J. Doc. # 8 at 2:1-3:4.

Defendants contend Exhibits A, F, G, H, I and J are appropriate for judicial notice "because they are true and correct copies of recorded documents, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably be questioned."  Doc. # 8 at 3:5-8.  Pursuant to Rule 201(b) of the Federal Rules of Evidence, an adjudicative fact may be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Id.  Therefore, "a court 'may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the Pacer system via the internet.' [Citations.]" Peviani v. Hostess Brands, Inc., — F.Supp.2d —, 2010 WL 4553510 (C.D. Cal. 2010) at *3 (citing C.B. v. Sonora Sch. Dist., 691 F.Supp.2d 1123, 1138 (E.D.Cal.2009); see also Holder v. Holder, 305 F.3d 854, 866 (9th Cir.2002)).

The court has examined the documents supplied as Exhibits A, F, G, H, I and J to Defendants' request for judicial notice and finds these documents appear to be, as Defendants' allege, documents duly documented by the Stanislaus County Recorder.  The court also notes Plaintiff has filed no opposition to Defendants' request for judicial notice. Having found that Exhibits A, F, G, H, I and J are documents duly recorded and are therefore properly documents for judicial notice, the court will judicially notice those documents.

Defendants also contend that judicial notice is appropriate for Exhibits B, C, D, and E because those documents reflect official acts of executive departments of the United States. The California Evidence Code specifically provides for judicial notice documents that reflect the acts of executive agencies of the United States government pursuant to Cal. Evidence Code section 452, subdivision (c), which permits judicial notice to be taken of "[o]fficial acts

of the legislative, executive or judicial departments ... of any state of the United States." Ordlock v. Franchise Tax Bd., 38 Cal.4th 897, 912 n.8 (2006) (quoting Cal. Evid. Code § 452(c)).  It has been the practice of district courts in California, in cases such as the one at bar, to follow the California Evidence Code by judicially noticing official acts of the OTS, the Comptroller of the Currency, and the FDIC, particularly where the acts in question reflect official recognition of existence, name change or the status of the financial organization with respect to federal regulation.  See, e.g., Coppes v. Wachovia Mortgage Corp., 2010 WL 4483817 (E.D. Cal. 2010) at *2-*3 (noting that documents reflecting change of bank name and status were properly judicially noticed and providing case examples from California District Courts).

The court has examined the documents submitted as Exhibits B, C, D, and E to Defendants' request for judicial notice and finds they appear to be, as Defendants allege, letters and other documents memorializing the official acts of the executive branch of the federal government.  Again, Defendants' request for judicial notice is not opposed.  For the reasons set forth in Coppes and the case authority cited therein, the court finds that judicial notice of Exhibits B, C, D, and E is appropriate.

Having determined that each of the Exhibits submitted by Defendants in their request for judicial notice are each properly subject to judicial notice, the court will grant Defendants' request for judicial notice in its entirety.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The factual background presented here is drawn from the complaint and from the documents included as Exhibits to Defendants' request for judicial notice.  The facts underlying this action and presented here are not disputed except as noted.

At issue in this action is a piece of property located in Salida in Stanislaus County (hereinafter, the "Property").  On April 13, 2007, a first trust deed (the "2007 Trust Deed") was executed by the owners, Warner and Iris Bowers, ("Owners") using the Property to

secure a loan in the amount of $255,500.00 (the "2007 Loan"). The lender was World Savings Bank, FSB. World Savings Bank, FSB, changed its name to Wachovia Mortgage, FSB on December 31, 2007. As noted by Defendants' Exhibit E, the Comptroller of the Currency certified the change of Wachovia Mortgage to Wells Fargo Bank Southwest and the merger of Wells Fargo Bank, Southwest with and into Wells Fargo Bank, N.A. on November 1, 2009.

On August 19, 2009, a subsequent Deed of Trust was recorded on the Property securing a loan of $80,000.00 (the "2009 Trust Deed"). Plaintiff Jacob Winding was named as Trustee of the 2009 Trust Deed and TTB Services, Inc. was named beneficiary. On December 7, 2009, the owner Warner Bowers transferred his interest in the Property via quitclaim deed to TTB Services, Inc.

Although Plaintiff's complaint does not allege anything with regard to default on the 2007 Loan, Defendant's allegation that the Loan fell delinquent sometime between 2009 and 2010 is not disputed. Plaintiff also does not dispute that Wells Fargo ordered a Notice of default on March 24, 2010, and a Notice of Sale on June 25, 2010. The parties both allege that a trustee's sale was conducted on September 22, 2010. The parties agree that Wells Fargo took title to the Property at the trustee's sale pursuant to its credit bid.

The complaint in this action was originally filed in Stanislaus County Superior Court on September 23, 2010. At the time of filing, Plaintiff was representing himself *in pro per*. Defendants removed the action to this court on September 28, 2010. The complaint alleges claims for: (1) wrongful foreclosure, (2) quiet title, (3) tortious interference with contractual relations, (4) conversion, (5) intentional infliction of emotional distress, and (6) declaratory and injunctive relief. Plaintiff's complaint also requests punitive or exemplary damages with respect to Plaintiff's first, third, fourth and fifth claims for relief.

The instant request for judicial notice and motions for summary judgment and to strike punitive damages claims were all filed on November 4, 2010. Plaintiff filed opposition

to the motions to dismiss and the motion to strike on January 10, 2011. Plaintiff was represented by counsel as of the time his opposition briefs were filed. Defendants' reply briefs were filed on January 14, 2011. On January 20, 2011, the court vacated the scheduled hearing date and took the matter under submission as of January 24, 2011.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly"). While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature. See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are

well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.' [Citation.]" Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). However, a district court may consider materials in a 12(b)(6) motion to dismiss that are not part of the pleadings but that are 'matters of public record' of which the court may take judicial notice pursuant to Federal Rule of Evidence 201. Id. Specifically, a district court may take judicial notice of public records related to legal proceedings in both state courts and in the district court. See Miles v. State of California, 320 F.3d 986, 987 (9th Cir. 2003) (district court taking judicial notice of related state court proceedings); Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1894) (district court takes notice of prior related proceedings in the same court).

## DISCUSSION

**I. Defendant's Motion to Strike Punitive or Exemplary Damages Claims**

California Civil Code section 3294 provides, in pertinent part:

> '(a) In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.' . . . . . '(c) As used in this section, the following definitions shall apply:'(1) 'Malice' means conduct which is intended by the defendant to cause injury to the plaintiff or conduct which is carried on by the defendant with a conscious disregard of the rights or safety of others.'(2) 'Oppression' means subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights.'(3) 'Fraud' means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

It is the express policy of courts deciding discrimination cases that "[p]unitive damages are never awarded as a matter of right, are disfavored by the law, and should be granted with the greatest of caution and only in the clearest of cases." Endurance American

7

Specialty Ins. Co. v. Lance, 2010 WL 3619476 (E.D. Cal. 2010) at * 18 (quoting Henderson v. Security Pacific Nat'l Bank, 72 Cal.App.3d 764, 771 (1977).

Plaintiff's complaint alleges punitive damages with respect to the first, third, fourth and fifth claims for relief alleged in the complaint. With regard to the first, fourth and fifth claims for relief, Plaintiff alleges:

> Defendants engaged in the foregoing acts and conduct with the intent to deprive Plaintiff of property or legal rights or to otherwise cause her [sic] injury. Such conduct was intentional, wrongful, malicious and despicable and carried out with a willful and conscious disregard for Plaintiff's rights. Accordingly, damages should be awarded against Defendants for the sake of example and by way of punishing them, in an amount to be proved.

Doc. # 1 at ¶ 14, repeated without significant variation at ¶¶ 33 and 37. With respect to Plaintiff's third claim for relief, the complaint alleges:

> Defendants actions were undertaken willfully, wantonly, maliciously, and in reckless disregard for Plaintiff's rights, and as a direct and proximate cause thereof Plaintiff suffered economic and emotional damage. Therefore, Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendant and others from similar wrongful conduct.

Doc. #1 at ¶ 25.

It is clear that Plaintiff's allegations seeking punitive damages are nothing more than labels and legal conclusions dressed as fact to present a formulaic recitation of the elements of a claim for punitive damages under Civil Code section 3294. In his opposition to Defendants' motion to strike, Plaintiff contends:

> Plaintiff has alleged that Defendant engaged in acts which would essentially add up to fraud, vis-a-vis concealing the true nature of the deed of trust and claiming true beneficiary under the deed of trust to the loan, then acting to deprive Plaintiff of is ownership rights in the subject property under color of that intentionally fraudulent act. That alone, which is the center of Plaintiff's complaint is sufficient for Plaintiff to seek punitive damages as a remedy.

Doc. # 19 at 2:3-7.

Under California law, "[t]he elements of fraud are: '(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c)

8

intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.' [Citation.] Kaldenbach v. Mutual of Omaha Life Ins., 178 Cal.App.4th 830, 850 (4 Dist. 2009) (quoting Lazar v. Superior Court 12 Cal.4th 631, 638 (1996)). The court has examined the complaint and can find nothing that suggests or comes close to suggesting fraud. What Plaintiff suggests is a fraudulent act, the "concealing of the true nature of the deed of trust to the loan," is neither concealment or fraudulent. First, neither the complaint or Defendants' actions in this case suggest that anything was concealed. The complaint alleges that Plaintiff asked Defendants to produce the promissory note and they did not produce it. The court accepts for purposes of this motion that Defendants did not produce the promissory note because they do not have it. Defendants contend that they are not required to produce a promissory note in order to enforce a deed of trust in California; Defendants contend the foreclosing entity must possess a demonstrable interest in the note. That is the crux of this case. Opposing legal contentions do not amount to fraud or concealment. There is nothing in the complaint to suggest that any party knowingly falsified or concealed any relevant fact.

Second, and more obvious, there was no reliance. There is nothing in the complaint to suggest that Plaintiff changed or refrained from changing his position, or that he took any action to his detriment based on any representation or concealment, false or otherwise, by Defendants. At the time Plaintiff accepted the 2009 Deed of Trust to secure the $80,000 loan, the 2007 Deed of Trust had been recorded. There is nothing in the complaint to suggest that Plaintiff changed his position in any way as a result of any after-occurring representations or omissions by Defendants.

The court finds Plaintiff's complaint fails to allege facts that would, if proven, entitle Plaintiff to punitive damages. Defendants' motion to strike Plaintiff's claims for punitive damages will therefore be granted as to all allegations requesting punitive damages set forth in the complaint.

**II. Defendants' Motion to Dismiss**

　　*A. Jurisdiction*

Defendants contend that the court lacks jurisdiction over Plaintiff's action because Plaintiff, as mere trustee of the 2009 Trust, lacks standing to bring the action. To have standing, a plaintiff must show three elements:

> First, the plaintiff must have suffered an "injury in fact"--an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of-- the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal citations and quotations omitted); Central Delta Water Agency v. United States, 306 F.3d 938, 946-47 (9th Cir. 2002).

Plaintiff brings the instant action as "Jacob Winding dba Top to Bottom Cleaning Service." As previously noted, at the level of a motion to dismiss, the court must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor. Jenkins, 395 U.S. at 421. While the court recognizes that Plaintiff has not been explicit on the subject, the court will, for purposes of this analysis only, infer that "Top to Bottom Cleaning Services" is the same entity as TTB Services, Inc. ("TTB"), the designated beneficiary of the 2009 Trust. Thus, the instant action is being brought by TTB, the beneficiary of the 2009 Trust, by its trustee and owner, Jacob Winding. The "actual" "concrete and particularized" protected interest in this case is TTB's interest in the Property as beneficiary of the 2009 Trust. TTB's harm is fairly traceable to Defendants' actions through Defendants' foreclosure on the 2007 Trust Deed. In essence, this case is a contest for the ownership of the Property. The court finds that Plaintiff has sufficiently alleged facts to show it has suffered "an injury in fact" that is "concrete and particularized' and that is "fairly traceable" to Defendants' actions. Plaintiff therefore has standing to bring

this action.

**II. Motion to Dismiss Claim for Wrongful Foreclosure**

The crux of Plaintiff's theory of recovery with regard to the claim for wrongful foreclosure is set forth in the complaint as follows:

> The Promissory note secured by the deed of trust that the [D]efendants supposedly foreclosed upon is a negotiable instrument . Therefore, Plaintiff requested that [D]efendants produce evidence that the beneficiary owned the promissory note, the "negotiable Instrument" which would stipulate the holder in due course of the [Property]. Plaintiff made numerous requests for such evidence that the beneficiary owned the negotiable instrument for the [Property].
>
> Plaintiff is informed, believes, and thereon alleges that the Defendants sold or otherwise transferred their negotiable Instrument which stipulate [sic] ownership to the [Property] sometime prior to March 2010, and the Defendant, Wells Fargo N.A., was not the leal owner of the "negotiable Instrument" as of the date of the purported Trustee's Sale. Consequently, the Trustee's Sale was invalid and wrongful. Consequently, when one transferee receives the promissory note (negotiable instrument) and the other receives the deed of trust, the one holding the note prevails. Adler v. Sargent, (1895) 109 C 42, 41 P. 799.

Doc. # 1 at 8, ¶¶ 11, 12.

At first glance, Plaintiff's wrongful foreclosure claim seems to focus on the failure of Defendants to produce the promissory note at any time during the foreclosure process. California Civil Code § 2924 sets forth the requirements for conducting nonjudicial foreclosure proceedings and is intended to be exhaustive. See Moeller v. Lien, 25 Cal.App.4th 822, 830 (1994); Homestead Sav. v. Darmiento, 230 Cal.App.3d 424, 432-33 (1991). A trustee has authority to conduct a nonjudicial foreclosure proceeding. Cal. Civ.Code § 2924(a)(1). Furthermore, it is well-settled that California law does not require production of the note as a condition to proceeding with a nonjudicial foreclosure proceeding. See id.; Quintos v. Decision One Mortg. Co., 2008 WL 5411636, at *3 (S.D.Cal. Dec. 29, 2008); Tina v. Countrywide Home Loans, Inc., 2008 WL 4790906, at *7-8 (S.D.Cal. Oct. 30, 2008); see also Harrington v. Home Capital Funding, Inc., 2009 WL 514254, at *4 (S.D.Cal.

11

1  Mar. 2, 2009).  Thus, it is clear that if Plaintiff's claim for wrongful foreclosure is based on

2  the theory that the note was not produced, then Plaintiff's claim is without merit.

3        Examination of Plaintiff's opposition to Defendant's motion to dismiss reveals that

4  Plaintiff either was attempting in the complaint, or is now attempting in the opposition, to

5  articulate a slightly different theory.  It appears that the theory of recovery that Plaintiff

6  articulates in the opposition to the motion to dismiss focuses on the identity of the

7  Beneficiary of the 2007 Trust, rather than on whether or not the promissory note is in the

8  possession of Defendants.  As Plaintiff puts his contention in the opposition:

> Thus, to undertake a non-judicial trustee's sale in compliance with section 2924[(a)(1)(C) of the California Civil Code], the moving parties herein [i.e. Defendants] must demonstrate that they held the note and they are the true beneficiary under the Deed of Trust at the time of the election to sell, with occurs upon issuance of the Notice of Default.
>
> A deed of trust is a conveyance in trust to secure an indebtedness or charge against the trust estate, the property conveyed, with power of sale vested in the trustee to sell according to the terms of the trust set forth in the instrument. The parties necessary are a trustor or grantor, trustee and beneficiary.  Here, the deed of trust has become convoluted through series [sic] of assignments to other institutions. In fact, the Trustor can no longer be certain who exactly is the true and actual beneficiary under the Deed of Trust.

16  Doc. # 18 at 4:18-27.

17        Two possibilities emerge from the combination of Plaintiff's complaint and his

18  opposition to Defendants motion to dismiss; either the identity of the "true and actual

19  beneficiary under the Deed of Trust" is obscured by the changes in the identity of the lending

20  institution from World Savings Bank, to Wells Fargo Bank, N.A. through its intermediary

21  identities, or the identity of the beneficiary is obscured by the presumed secruitization and

22  sale of the promissory note to unknown buyers.

23        The fact that Plaintiff's legal theory of recovery as to his claim for wrongful

24  foreclosure is ambiguous would be sufficient in itself to require a more definite statement.

25  However, the court is of the opinion that the overall resolution of this action may be

26  facilitated to some extent if the supplies its analysis of Plaintiff's claim as currently pled and

12

as interpreted by the court.

The "Beneficiary" of the 2007 Deed of trust is identified in the trust document as the "Lender." While it is true that the original "Lender", World Savings Bank, FSB, no longer exists, the documents judicially noticed by the court are sufficient to show that World Savings Bank, FSB, went through a series of duly noticed and officially acknowledged name changes, via merger, name change or acquisition, to become Wells Fargo Bank, N.A. At minimum, Defendants have provided judicially noticeable documents sufficient to trace the chain of identity of the "Lender" to defendant Wells Fargo Bank. In simply alleging that the identity of the true "Lender" is uncertain (if that is Plaintiff's allegation), Plaintiff is simply making a conclusory allegation dressed as fact. Such conclusory allegations fail to meet the level of factual specificity required by Twombly and its progeny. See Moss, 572 F.3d at 970. Thus, to the extent Plaintiff's claim for wrongful foreclosure is based on the theory that the identity of the "true beneficiary" of the 2007 Trust Deed is unknown because of successive changes of identity of the original Lender, that claim lacks factual specificity necessary to state a claim for which relief can be granted.

As noted above, the alternative interpretation of Plaintiff's claim for wrongful foreclosure is that Plaintiff is contending that the identity of the "True Beneficiary" is unknown because the holder of the promissory note is unknown because the promissory note has been sold into some form of securitized investment instrument. The inference is that the legal proposition behind Plaintiff's theory is that the sale, transfer or securitization of the promissory note somehow implies a change in the identity of the beneficiary of the deed of trust. Plaintiff's complaint and opposition to the motion to dismiss offer no legal basis for this proposition, nor does it appear obvious to the court that this should be the case.

While Plaintiff's factual contention that the identity of the "True Beneficiary" of the 2007 Trust Deed is based on an unstated, and therefore ambiguous factual allegation as to the mechanism of alienation of the promissory note, the court will assume, *arguendo*, that the

13

promissory note was transferred by sale to an asset portfolio in some form of structured investment vehicle; for example, a collateralized debt obligation ("CDO").

"A CDO is a complex investment vehicle that acquires a portfolio of underlying assets and sells a security called a CDO to investors which gives the investors an interest in the *cash flow* from the underlying assets. The portfolio of underlying assets serves as the collateral for the CDO security." Core Wealth Management, LLC, v. Heller, 2010 WL 1453068 (Cal. App. 2 Dist. 2010) at * 2. Thus, in this example, the promissory note is sold as an asset entitling the entity creating the CDO to all future cash flows from the mortgage. It does not follow that any of the other entitlements of the beneficiary of the 2007 Deed of Trust, including the power to declare default, are transferred or lost because of the transfer or sale of the cash flow due from the mortgage. Indeed, the court would be inclined to suppose that it would be the intention of both the buyer and seller of a promissory note in the context the court presumes here, to leave the powers on the beneficiary of the deed of trust where they lie so as to empower the beneficiary to carry out the functions necessary to secure the cash flow from the asset.

Plaintiff cites no authority at all for the proposition that the sale or transfer or alienation of the promissory note changes, modifies, or eliminates the power of the designated beneficiary. Given that the court can find no authority that supports Plaintiff's implicit legal proposition and can see good reason why the proffered legal proposition should be true, the court finds that the legal theory behind Plaintiff's claim of wrongful foreclosure is, as pled, obscure. While the "pleadings need not identify any particular legal theory under which recovery is sought," Crull v. GEM Ins. Co., 58 F.3d 1386, 1391 (9th Cir.1995), the pleadings must provide at least fair notice of the nature of plaintiff's claim. See Conley v. Gibson, 355 U.S. 41, 47, (1957).

Plaintiff's claim for wrongful foreclosure suffers from two shortcomings; one immediate and one eventual. First, and fatal to Plaintiff's claim immediately, is the fact that

14

Plaintiff fails to plead facts adequate to put Defendants on notice of the basis for Plaintiff's claim for wrongful foreclosure. Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of the complaint is to provide the opposing party with fair notice of the claim against it. Lynn v. Sheet Metal Workers' Intern. Ass'n, 804 F.2d 1472, 1482 (9th Cir. 1986). If it is Plaintiff's contention that the foreclosure was unlawful because the "True Beneficiary" of the 2007 Deed of Trust is unknown or in doubt, Plaintiff must state why that is the case. For the reasons discussed above, vague reference to either or both the transition of the identity of the Lender or the presumed alienation of the promissory note is not enough to put Defendants on notice of Plaintiff's theory of recovery such that an adequate response is possible. Likewise, the allegation of a legal conclusion – that the "True Beneficiary" of the 2007 Deed of Trust is in doubt – without any legal basis for that allegation does not satisfy the factual specificity of pleading required by Twombly and its progeny.

Second, and perhaps of more concern to any future iteration of the complaint, there is no legal theory apparent to the court that would permit Plaintiff to prevail on his claim of wrongful foreclosure based on the allegation that the promissory note was alienated and that the beneficiary of the 2007 Deed of Trust is somehow therefore uncertain. While the lack of a legal theory may not necessarily be fatal to a complaint in the context of a motion to dismiss pursuant to Rule 12(b)(6), the lack of any viable legal theory of recovery is cause for dismissal under Rule 12(c) or under a motion for summary judgment. Employers Ins. Of Wausau v. Price Aircraft, LLC, 283 F.Supp2d 1144, 1146-1147 (D. Hawaii 2003). Plaintiff is therefore on notice that any future amendment to the complaint will require, at minimum, an explanation of the legal basis for the contention that the identity of the Trustee of the 2007 Deed of trust is unknown or in doubt.

Plaintiff's claim for wrongful foreclosure will be dismissed. In view of the fact the

1  complaint was written by a *pro se* litigant and because the court presently lacks any legal
2  basis to conclude Plaintiff is without any possible legal theory of recovery, leave to amend
3  will be granted.

### III. Motion to Dismiss Plaintiff's Claim to Quiet Title

Defendants move to dismiss Plaintiff's claim to quiet title to the Property citing a number of pleading defects and citing Plaintiff's failure to show tender of the complete amount owing on the mortgage. California Code of Civil Procedure § 761.020 states that a claim to quiet title requires: (1) a verified complaint, (2) a description of the property, (3) the title to which a determination is sought, (4) the adverse claims to the title against which a determination is sought, (5) the date as of which the determination is sought, and (6) a prayer for the determination of the title. The tender rule applies to a quiet title action because the claim is implicitly integrated to the foreclosure sale. <u>Kozhayev v. America's Wholesale Lender</u>, No. CIV S-09-2841 FCD DAD PS, 2010 WL 3036001, at *5 (E.D.Cal. Aug.2, 2010); see also <u>Shimpones v. Stickney</u>, 219 Cal. 637, 649, 28 P.2d 673 (1934). Thus, a "quiet title action is doomed in the absence of Plaintiffs' tender of the full amount owed." <u>Gjurovich v. Cal.</u>, No. 1:10-cv-01871-LJO-SMS, 2010 WL 4321604, at *8 (E.D.Cal. Oct.26, 2010).

With regard to the requirement for tender, Plaintiff opposes dismissal of his quiet title claim on the ground that requiring tender in this case would be inequitable. In his complaint, Plaintiff alleges "[t]he trustee's sale was invalid since the beneficiary did not own the promissory note [. . . .] The Trustees Deed was procured by fraud or mistake and suffers a lack of failure of consideration [sic]." Doc. #1 at ¶ 17. In his opposition, Plaintiff argues his point with some ambiguity, but the crux of the argument appears to be Plaintiff's contention that "Defendants either had no rights [to the property] to begin with and/or no longer have any rights to claim title to the subject property. Plaintiff is not the borrower on the loan on which Defendants foreclosed on [sic]." Doc. # 18 at 5:22-24. Plaintiff goes on to state that

16

the purpose of this action is "to quiet title, cancellation of void instrument and deed of trust, and declaratory relief on grounds that the foreclosure was wrongful because (1) Defendants did not have the right to foreclose on the property, and (2) as a record owner of the subject property, by way of deed, Plaintiff should have received Notice of the Sale prior to the foreclosure. Id. at 5:25-6:2.

To rephrase Plaintiff's argument slightly, it is Plaintiff's contention that the court should quiet title to the Property in Plaintiff without tender by Plaintiff because Defendants wrongfully took title to the Property at the trustee's sale and have no valid interest in it. Since the court has determined that Plaintiff has failed to adequately state a claim for wrongful foreclosure, it follows that Plaintiff's basis for claiming that he has no obligation to tender any arrears to Defendants is without merit.  Because Plaintiff's complaint does not plead tender nor is there any indication that Plaintiff is capable or ready to offer tender of the full amount owing on the mortgage secured by the Property, Plaintiff's claim to quiet title fails to allege a claim upon which relief can be granted.  Defendants' motion to dismiss will therefore be granted with leave to amend.

**IV. Motion to Dismiss Plaintiff's Sixth Claim for Declaratory and Injunctive Relief**

In his opposition to Defendants' motion to dismiss, Plaintiff voluntarily withdrawals his claims for tortious interference, conversion and infliction of emotional distress. Therefore, the only remaining claim to be decided pursuant to Defendants' motion to dismiss is Plaintiff's sixth claim for declaratory relief.

The court notes that Plaintiff's sixth claim for injunctive and declaratory relief bears little resemblance to the argument Plaintiff makes in opposition to Defendants' motion to dismiss.  Plaintiff's sixth claim for relief, as set forth in the complaint, consists of a single paragraph that alleges a claim for injunctive relief on the ground that Defendants' actions have harmed Plaintiff in his business dealings and that no remedy exists at law.  The complaint then makes a single-sentence argument for declaratory relief based on the fact that

a dispute exists between the parties.

In his opposition to Defendants' motion to dismiss, Plaintiff puts some meat on the bare-bones allegations set forth in the complaint. In his opposition, Plaintiff makes it clear that Defendants' possession of the original promissory note is not at issue in this case, but that it is Plaintiff's contention that "one possessing the deed of trust cannot foreclose on a mortgage without (1) also possessing some interest in the promissory note, or (2) obtaining permission to act as agent of the note-holder." Doc. # 18 at 6:14-15 (citing Landmark Nat'l Bank v Kessler, 289 Kan. 528, 216 P.3d 158 2009 Lexis 834 (Kan. 2009)). Plaintiff further contends that an entity that holds only the deed of trust, having sold or otherwise alienated the promissory note, "'will never experience default because only the holder of the note is entitled to payment of the underlying obligation.'" Doc. # 18 at 6:24-26 (quoting Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619, 623 (Mo.App. 2009)).

A motion to dismiss tests the sufficiency of the complaint, not the sufficiency of the argument in opposition to the motion to dismiss. As an initial matter, the court finds that the complaint, alleging only that a dispute exists between the parties, falls far short of alleging a factual basis upon which declaratory relief could be granted. That said, the court notes that the substance of Plaintiff's claim for declaratory relief, and therefore for injunctive relief, is identical to, and therefore predicated upon, the sufficiency of Plaintiff's legal contentions and factual allegations with regard to his first claim for relief for wrongful foreclosure. Since the court has found that Plaintiff's first claim for relief fails to state a claim for which relief can be granted, the court must conclude that the same defect that requires dismissal of Plaintiff's first claim for relief requires that Plaintiff's sixth claim for relief be dismissed without prejudice.

**V. Preemption by Home Owner's Loan Act ("HOLA")**

Defendants contend that each of the claims asserted by Plaintiff is preempted by HOLA, 12 U.S.C. § 1461, *et seq.* Given that the court has determined that Plaintiff

18

complaint is subject to dismissal pursuant to Rule 12(b)(6), and given that any amendment of the original complaint may involve significant revision of both factual allegations and legal contentions, the court will decline to rule on Defendants' contention with regard to HOLA preemption. In declining to rule on Defendants' contention with regard to HOLA preemption, the court does not intent to reflect at all on the merits of Defendants' contentions.

THEREFORE, in accord with the foregoing discussion, it is hereby ORDERED that:

1. Defendants' request for judicial notice is granted as to all documents submitted for judicial notice.
2. Defendants' motion to strike Plaintiff's claims for punitive damages as set forth in Plaintiff's first, third, fourth and fifth claims for relief is hereby GRANTED. Each of Plaintiff's claims for punitive damages, wherever pled in the complaint are hereby STRUCK.
3. Plaintiff's first, second, and sixth claims for relief for wrongful foreclosure, quiet title and declaratory and injunctive relief, respectively, are hereby DISMISSED without prejudice.
4. Plaintiff's third, fourth and fifth claims for relief are DISMISSED as abandoned.
5. Any amended complaint shall be filed and served not later than twenty-one (21) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   February 22, 2011                          _____
                                                    CHIEF UNITED STATES DISTRICT JUDGE

19