IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB WINDING dba TOP TO BOTTOM CLEANING SERVICE,<br><br>    Plaintiff,<br><br>  vs.<br><br>NDEX WEST, LLC AS TRUSTEE; WELLS FARGO BANK N.A., and DOES 1 through 100, inclusive,<br><br>    Defendants. | 1:10cv02026 AWI DLB<br><br>ORDER GRANTING DEFENDANT WELLS FARGO'S MOTION TO EXPUNGE NOTICE OF PENDING ACTION |

On January 18, 2011, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed the instant motion for Plaintiff J & J Sports Productions, Inc. ("Plaintiff") filed the present motion for an order expunging the lis pendens recorded by Plaintiff Jacob Winding dba Top to Bottom Cleaning Service ("Plaintiff"). The matter was heard on March 18, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge. Mark Flewelling appeared on behalf of Defendant Wells Fargo. Veronica Garcia appeared telephonically on behalf of Plaintiff.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this wrongful foreclosure and quiet title action in Stanislaus County Superior Court against NDEX West, LLC as Trustee, Wells Fargo Bank, N.A. and Does 1 through 100 on September 23, 2010.[1] On October 8, 2010, Plaintiff recorded a lis pendens with the Stanislaus County Recorder's office.

On October 26, 2010, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") removed the matter to this court on the basis of diversity jurisdiction. Defendant NDEX West joined in the removal and filed a declaration of non-monetary status.

At issue is a piece of property located in Salida in Stanislaus County ("Property"). In April 2007, a first trust deed (the "2007 Trust Deed") was executed by the owners, Warner and Iris Bowers, ("Owners") using the Property to secure a loan in the amount of $255,500.00 (the "2007 Loan"). The lender was World Savings Bank, FSB. World Savings Bank, FSB, changed its name to Wachovia Mortgage, FSB on December 31, 2007. The Comptroller of the Currency certified the change of Wachovia Mortgage to Wells Fargo Bank Southwest and the merger of Wells Fargo Bank, Southwest with and into Wells Fargo Bank, N.A. on November 1, 2009.

On August 18, 2009, a subsequent Deed of Trust was recorded on the Property securing a loan of $80,000.00 (the "2009 Trust Deed"). Plaintiff Jacob Winding was named as Trustee of the 2009 Trust Deed and TTB Services, Inc. was named beneficiary. On December 7, 2009, the owners, Warner and Iris Bowers, transferred their interest in the Property via quitclaim deed to TTB Services, Inc.

Plaintiff's complaint did not allege any default on the 2007 Loan. The Loan apparently fell delinquent prior to March 24, 2010. Wells Fargo ordered a Notice of default on March 24, 2010, and a Notice of Sale on June 25, 2010. A trustee's sale was conducted on September 22, 2010. Wells Fargo took title to the Property at the trustee's sale pursuant to its credit bid.

---

[1] At the time of filing his original complaint, Plaintiff was representing himself *in pro per*. Plaintiff currently is proceeding with counsel.

The complaint asserted claims for: (1) wrongful foreclosure, (2) quiet title, (3) tortious interference with contractual relations, (4) conversion, (5) intentional infliction of emotional distress, and (6) declaratory and injunctive relief. Plaintiff's complaint also requested punitive or exemplary damages in connection with certain claims.

On November 4, 2010, Wells Fargo filed a motion to dismiss and a motion to strike portions of the complaint. Plaintiff opposed the motions. On February 23, 2011, the court granted Wells Fargo's motion to strike Plaintiff's claims for punitive damages. Additionally, the court dismissed Plaintiff's claims for wrongful foreclosure, quiet title, declaratory relief and injunctive relief without prejudice. Plaintiff's remaining claims were dismissed as abandoned. The court ordered Plaintiff to file any amended complaint within twenty-one (21) days.

On January 18, 2011, while the motions to dismiss and strike were pending, Wells Fargo filed the present motion to expunge the notice of pending action (lis pendens), along with a request for judicial notice. On March 4, 2011, Plaintiff filed an opposition to motion to expunge. Plaintiff also filed objections to the request for judicial notice. Wells Fargo filed a reply on March 11, 2011.

Plaintiff filed his First Amended Complaint ("FAC") on March 16, 2011. He asserts claims for declaratory relief, cancellation of instruments and fraud.

## DISCUSSION

**A.    Request for Judicial Notice**

Wells Fargo filed a request for judicial notice concurrently with the instant motion. The request seeks judicial notice of the following documents:

| | |
|---|---|
| Exhibit A: | Deed of Trust recorded in the official records of the Stanislaus County Recorder on April 26, 2007 as Document No. 2007-0052948-00. |
| Exhibit B: | Certificate of Corporate Existence dated April 21, 2006, issued by the Office of Thrift Supervision, Department of the Treasury. |
| Exhibit C: | Letter dated November 19, 2007 issued by the Office of Thrift Supervision, Department of the Treasury. |
| Exhibit D: | Charter of Wachovia Mortgage, FSB, dated December 31, 2007, reflecting in Section 4 that it is subject to HOLA and the OTS. |

| | | |
|---|---|---|
| Exhibit E: | Official Certification of the Comptroller of the Currency ("OCC") stating that effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A. | |
| Exhibit F: | Deed of Trust recorded in the official records of the Stanislaus County Recorder on August 18, 2009 as Document No. 2009-0081520-00. | |
| Exhibit G: | Quitclaim Deed recorded in the official records of the Stanislaus County Recorder on December 7, 2009 as Document No. 2009-0116659-00. | |
| Exhibit H: | Notice of Default recorded in the official records of the Stanislaus County Recorder on March 24, 2010 as Document No. 2010-0026825-00. | |
| Exhibit I: | Notice of Trustee's Sale recorded in the official records of the Stanislaus County Recorder on June 25, 2010, as Document No. 2010-0055740-00. | |
| Exhibit J: | Trustee's Deed Upon Sale recorded in the official records of the Stanislaus County Recorder on September 30, 2010, as Document No. 2010-0088286-00. | |
| Exhibit K: | Lis Pendens recorded in the official records of the Stanislaus County Recorder on October 8, 2010, as Document No. 2010-0091078-00. | |

Plaintiff objects to judicial notice of Exhibits B, C, and E because they fail to establish that Wells Fargo had possession of the original promissory note. Plaintiff also objects to Exhibit D because there appears to be a discrepancy in dates on the document.

Plaintiff's objections are OVERRULED for multiple reasons. First, this court judicially noticed Exhibits B, C, D and E when ruling on the motions to dismiss and to strike. *See* Doc. 29, pp. 3-4. In so doing, the court reasoned as follows:

> It has been the practice of district courts in California, in cases such as the one at bar, to follow the California Evidence Code by judicially noticing official acts of the OTS, the Comptroller of the Currency, and the FDIC, particularly where the acts in question reflect official recognition of existence, name change or the status of the financial organization with respect to federal regulation. *See, e.g., Coppes v. Wachovia Mortgage Corp.*, 2010 WL 4483817 (E.D. Cal. 2010) at *2-*3 (noting that documents reflecting change of bank name and status were properly judicially noticed and providing case examples from California District Courts).

The court expressly found that Exhibits B, C, D and E "were letters and other documents memorializing the official acts of the executive branch of the federal government" and appropriate for judicial notice. Doc. 29, p. 4. There is no reason to depart from this earlier determination.

1 Second, Plaintiff objects to Exhibits B, C and E because they fail to demonstrate possession of the promissory note. This objection is unavailing. As the court previously pointed out to Plaintiff, "it is well-settled that California law does not require production of the note as a condition to proceeding with a nonjudicial foreclosure proceeding." Doc. 29, p. 11; *see also Quintos v. Decision One Mortg. Co.*, 2008 WL 5411636, at *3 (S.D. Cal. Dec. 29, 2008). Further, the court also notified Plaintiff that there was no apparent legal theory that would permit him to prevail on a claim of wrongful foreclosure based on an allegation that the promissory note was alienated and therefore the beneficiary of the 2007 deed of trust was somehow uncertain. Doc. 29, p. 15.

Third, and finally, Plaintiff does not explain what he means by a "discrepancy" in dates on Exhibit D (Charter of Wachovia). A review of Exhibit D suggests that Plaintiff may be objecting because the Assistant Secretary of Wachovia Mortgage, FSB certified in 2009 that the document attached to the certification was a true and complete copy of the Charter of Wachovia Mortgage, FSB, which was effective December 31, 2007. Exhibit D, p. 1. That the assistant secretary certified in 2009 that a correct copy of Wachovia's Charter effective December 31, 2007, was attached to the certificate does not evidence any discrepancy. Without more, Plaintiff's objection is not legitimate.

Having previously determined that these exhibits are properly subject to judicial notice and finding no merit in Plaintiff's objections, the court grants Defendant's request for judicial notice.

**B.     Motion to Expunge Notice of Pending Action (Lis Pendens)**

    1.     Legal Standard

Pursuant to California Code of Civil Procedure § 405.20 "[a] party to an action who asserts a real property claim may record a notice of pendency of action [lis pendens] in which that real property claim is alleged." The purpose of a lis pendens notice is to provide constructive notice of a pending claim that may affect title or right to possession of the real property described in the lis pendens notice. *See LaPaglia v. Super. Ct.*, 215 Cal.App.3d 1322, 1326, 264 Cal.Rptr. 63 (4th Dist.1989) (abrogated on other grounds by *Lewis v. Super. Ct.*, 19 Cal.4th 1232, 82 Cal.Rptr.2d 85, 970 P.2d 872 (1999)). A lis pendens notice "acts as a cloud against the property, effectively preventing sale or encumbrance until the litigation is resolved or the lis pendens is expunged."

*Amalgamated Bank v. Super. Ct.*, 149 Cal.App.4th 1003, 1011, 57 Cal.Rptr.3d 686 (3rd Dist. 2007).

Under California Code of Civil Procedure § 405.32, "a court shall order that notice of lis pendens 'be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim.'" *Becerril v. Recontrust Co.*, 2008 WL 5450355, *2 (C.D. Cal. 2008). In order to prevent abuse by parties seeking to block lawful transfer of property, California enacted changes to its lis pendens law in 1992 that, inter alia, require the party opposing the expungement of a notice of lis pendens to "make a showing that he is *likely to prevail on the merits*, in much the same fashion as one seeking an attachment must show the probable merit of the underlying lawsuit." *Amalgamated Bank*, 149 Cal.App.4th at 1011, 57 Cal.Rptr.3d 686 (italics in original).

"Section 405.32 requires trial court judges to 'forecast, at some point before trial, the "probable" outcome in the trial court.'" *Becerril*, 2008 WL 5450355 at *2 (citation omitted). This determination involves a 2-step analysis that is somewhat akin to the analytical approach in a motion to dismiss. First, the pleading is examined to determine if it states a claim to real property. If the answer is affirmative, the court proceeds to determine whether, on the basis of the pleading and facts that are subject to judicial notice, the claim is more probably than not valid. *See Dickey v. Auer*, 2006 WL 1409623, *4 (E.D. Cal. 2006) (likening the court's approach to motion to expunge lis pendens to a state court's approach in demurrer).

2.   Analysis

During pendency of this motion, the court dismissed Plaintiff's original complaint because it failed to state a claim for which relief could be granted. As Plaintiff's original complaint was dismissed, it does not state a claim to real property (or any other claim), and Plaintiff fails to establish that he is likely to prevail on the merits. Thus, even though Plaintiff was granted leave to amend, it is proper for the court to order the lis pendens expunged. *See, e.g., Hammonds v. Aurora Loan Services LLC*, 2010 WL 3859069, *4 (C.D. Cal. Sept. 27, 2010) (court dismissed all claims and granted motion to expunge notice of pendency, noting that the pleading did not contain any real property claim, or any other claim, and indicating plaintiff could record a new notice of pendency if

6

she was able to amend her complaint to state a real property claim); *Huerta v. Ocwen Loan Servicing, Inc.*, 2010 WL 728223, *5 (N.D. Cal. Mar. 1, 2010) (court granted motion to expunge lis pendens where plaintiff failed to allege sufficient facts to state a claim, but granted leave to amend complaint); *Smith v. Wachovia*, 2009 WL 1948829, *5-6 (N.D. Cal. Jul. 6, 2009) (granting motion to dismiss with leave to amend and granting motion to expunge lis pendens).

      Plaintiff's opposition to motion to expunge lis pendens also demonstrates his inability to establish the probable validity of any real property claim.  Plaintiff repeatedly asserts that he is the senior lien holder on the property, not Wells Fargo.  Indeed, Plaintiff's property claim seems to hinge on this theory as he restates it seven times in ten pages of briefing.  In sum, Plaintiff contends that his 2009 deed of trust (Exhibit F) was signed and notarized in July 2006, and Wells Fargo's Deed of Trust was not signed and notarized until April 2007 (Exhibit A), giving Plaintiff lien priority.  Plaintiff's contention is both inaccurate and incorrect.  Plaintiff states that his deed of trust was notarized in July 2006.  However, a review of Exhibit F reveals that it was notarized in October 2007, several months after the Wells Fargo 2007 Deed of Trust was signed, notarized and recorded.

      Further, as Wells Fargo points out, Plaintiff's deed of trust was not recorded until August 19, 2009, well after Wells Fargo's predecessor, World Savings, recorded its deed of trust in April 2007.  Reply, p. 2.  Given the "race-notice" provisions of California Civil Code § 1214 and § 1107, lien priority is based on the date of recording.  It is clear that Plaintiff's deed of trust was not recorded first.  Additionally, the priority of Plaintiff's deed of trust is irrelevant because the borrower quit claimed the property to Plaintiff (TTB) on December 7, 2009.  The quit claim was subject to the outstanding liens, including the Wells Fargo deed of trust.  Reply, p. 2.  Further, when Plaintiff (TTB) took title by quit claim deed, Plaintiff's deed of trust was extinguished and his loan was no longer secured by the property.  *See, e.g., Sheldon v. La Brea Materials Co.*, 216 Cal. 686, 691 (1932) ("ordinarily a merger of title would arise where the trustor grants to the beneficiary the interest of the former in real property subject to a trust deed").

      At oral argument, Plaintiff asserted that his FAC, which was filed on March 16, 2011, states a valid real property claim and thus the lis pendens protects his interest in the property.  While it is true

7

that Wells Fargo has not yet challenged the sufficiency of Plaintiff's FAC by a motion to dismiss, it is Plaintiff's burden to establish by a preponderance of the evidence the probable validity of the real property claim. *Becerril*, 2008 WL 5450355 at *2. Plaintiff has failed to do so.

The FAC contains claims for declaratory relief, cancellation of instruments and fraud. Plaintiff's claims are based on two assertions. First, Plaintiff alleges that he has lien priority over Wells Fargo. FAC ¶¶ 26, 36-37. As discussed above, Plaintiff has not established lien priority given California's race-notice statutes.

Second, Plaintiff alleges that Defendants failed to provide him with adequate notices of sale and he seeks an order "undoing Defendants' non-judicial foreclosure." FAC ¶¶ 23-24, 37 and p. 8. However, Plaintiff has failed to allege tender of the indebtedness necessary to challenge irregularities in the sale notice, if any. In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021 (1989), the California Court of Appeal explained:

> . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. (Citations omitted.)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117 (1971). "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." *United States Cold Storage v. Great Western Sav. & Loan Assn.,* 165 Cal.App.3d 1214, 1224 (1985).

Based on the above, Plaintiff has failed to establish by a preponderance of the evidence the probable validity of any real property claim. Accordingly, Wells Fargo's motion to expunge the notice of pending action should be granted.

3.     Attorneys' Fees

Wells Fargo requests an award of attorneys' fees and costs totaling $2,400. Declaration of Mark T. Flewelling ("Flewelling Dec.") ¶¶ 2-5.

Under Cal. Code of Civ. Proc. § 405.38, when a court orders a lis pendens expunged, the order must direct that the prevailing party be awarded reasonable attorneys' fees and costs. This award is mandatory, unless the court finds that the opposing party acted with substantial justification, or that other circumstances make the imposition of attorneys' fees unjust. *Id.*

The court finds that a fee award is appropriate because Plaintiff has failed to establish that he acted with substantial justification. This is further evidenced by Plaintiff's opposition to the instant motion, including unwarranted objections to the request for judicial notice and his reassertion of arguments already found lacking by the court.

## CONCLUSION AND ORDER

For the reasons stated, Wells Fargo's motion to expunge notice of pending action is GRANTED. Further, Wells Fargo is AWARDED attorney's fees and costs totaling $2,400.00.

IT IS SO ORDERED.

Dated:   **March 18, 2011**              **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE

9