
**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACOB WINDING dba Top to Bottom Cleaning Service,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NDEX WEST, LLC as TRUSTEE; WELLS FARGO BANK, N.A., and DOES 1 through 100, inclusive,<br><br>　　　　Defendants | CV F 10 - 2026 AWI DLB<br><br>ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR MISCELLANEOUS RELIEF AND RELATED ORDERS<br><br>Doc. #'s 44, 45 and 51 |

　　On May 9, 2011, Plaintiff filed a document titled "Plaintiff's Emergency Notice of Motion and Motion for (a) To Relieve His Counsel, (b) for Plaintiff's Pro Per Motions to be Heard, (c) For an Extension of Time to Respond to Defendants' Motion to Dismiss, (d) For Leave For Plaintiff to Proceed in pro per, (e) To Make the Court's Award of Attorney's Fees for Alleged Frivolous Litigation Payable by Plaintiff's Counsel Pursuant to Fed. R. Civ. Pro. 11(c)(I), and (f) To Reverse the Award of Attorney's Fees Pursuant to Fed. R. Civ. Pro. 11(c)(2)" (hereinafter, the "Emergency Motion"). Doc. # 51. The court presumes that the "pro per motions" Plaintiff refers are the motion for 30-day extension of time to oppose filed on April 15, 2011, and Plaintiff's motion to stay the Magistrate Judge's order to remove notice of *lis pendens* filed on the same date. For the reasons that follow, the court will deny Plaintiff's Emergency Motions.

## I. Plaintiff's "Pro Per Motions"

In his Emergency Motions, Plaintiff alleges that he has been represented by the law firm of Goins & Associates PLC from the inception of this case[1] to about March 18, 2011, at which time "irreconcilable differences" arose between Plaintiff and his attorney representatives.  Between April 15 and April 18, 2011, Plaintiff filed two "pro per motions" and filed a *pro per* opposition to Defendants' motion to dismiss the FAC.  The "pro per motions" were a motion to stay the Magistrate Judge's order granting Defendant's motion to expunge the notice of *lis pendens*, Doc. # 45 (the "Motion to Stay"), and a motion for 30-day extension of time to file an opposition to find new counsel to oppose Defendants motion to dismiss the FAC.  Doc. # 44 (the "Motion to Extend").  Plaintiff's document titled "Opposition to Defendants' Motion to Dismiss" was filed on April 18, 2011.  Doc. # 46 (the "Opposition").

In their reply to Plaintiff's Opposition, Defendants allege that "Top to Bottom Cleaning Services" is, in fact, a partnership of nine individuals.  Defendants contend that although Plaintiff brings this action as "Jacob Winding dba Top to Bottom Cleaning Services," the organization is not a sole proprietorship as the title implies and Jacob Winding is not entitled to represent the nine-member partnership *in pro per*.  Defendants allege that this issue has arisen previously in a separate action that was brought by Plaintiff against Wells Fargo Bank.  See Winding v. Cal-Western Reconveyance Corp., 2011 U.S.Dist. LEXIS 8962 (E.D. Cal. 2011).  In that action, Defendants allege Mr. Winding was admonished that Top to Bottom Cleaning could only appear in court through an attorney.

Plaintiff argues in his Emergency Motion that Top to Bottom Cleaning is "an unincorporated sole proprietorship."  As such, Plaintiff argues that in representing Top to

---

[1] The original complaint in this case is a pro per pleading that was filed in Stanislaus Superior Court.  The case was subsequently removed to this court by Defendants under diversity jurisdiction.  Although the notice of removal and related documents were served by mail on Plaintiff personally, the court's docket indicates that the first document filed in this court by Plaintiff was prepared by Plaintiff's attorney of record.  The court thus accepts Plaintiff's characterization of his representation in this case.

2

Bottom Cleaning, he is essentially representing himself. The court is of the opinion that the interests of all parties will be served if the court gives consideration to Plaintiff's "pro per motions" on their merits rather than being diverted into the issue of whether or not Plaintiff is, in fact, the sole proprietor of Top to Bottom Cleaning. The court feels neither party is prejudiced if the court simply accepts Plaintiff's representation for purposes of this opinion and continues with analysis on the merits.

### *A. Motion to Stay Magistrate Judge's Order Granting Defendants' Motion to Expunge*

Plaintiff has twice argued that the court should enter a temporary stay on the Magistrate Judge's order granting Defendants' motion to expunge during the pendency of Plaintiff's appeal of the order granting the motion to expunge and/or orders granting Defendants' motion to dismiss. Variations on the same argument are made in both Plaintiff's Motion to Stay and in Plaintiff's Opposition. Plaintiff recognizes that a court may stay enforcement of an interlocutory order pending appeal where the moving party can "(1) make a strong showing that it is likely to succeed on the merits; (2) demonstrate that it would suffer irreparable injury if the stay were not granted; (3) show that granting the stay would not substantially harm the other parties; and (4) show that granting the stay would serve the public interest." Doc. # 46 at 3:10-14 (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

In the Magistrate Judge's order granting Defendants' motion to expunge, the court noted that, in order to prevail in opposition to a motion to expunge, the opposing party must "'make a showing that he *is likely to prevail on the merits*, in much the same fashion as one seeking an attachment must show the probable merit of the underlying lawsuit.'" Doc. # 38 at 6:7-9 (quoting Amalgamated Bank v. Superior Court, 149 Cal.App.4th 1003, 1011 (3rd Dist. 2007) (italics in original)). The Magistrate Judge concluded that Plaintiff had failed to show any likelihood that he could prevail on the merits as set forth in the original complaint and as set forth in the opposition to the motion to expunge.

3

Defendants' motion to Dismiss Plaintiff's FAC is currently pending before the court and this court's decision thereon will be filed concurrently or nearly concurrently with this order. This court has reviewed Plaintiff's FAC in the process of determining Defendants' motion to dismiss and has concluded that in the FAC, as in the original complaint, Plaintiff has failed to articulate any plausible legal theory upon which relief could be granted. For reasons that will be set forth in some detail in the court's order on Defendants' motion to dismiss, the court has determined that the legal theory underpinning Plaintiff's FAC is without merit and that further amendment of the complaint would be futile. In sum, this court can find no legal basis upon which Plaintiff could plausibly ground a meritorious claim to the Property. Just as Plaintiff could not prevail on his opposition to the motion to expunge because he could not demonstrate a likelihood of success, so too Plaintiff cannot prevail on his Motion to Stay.

Plaintiff's contention that Defendants will suffer no prejudice if a stay were to be granted is without merit as well. Accepting as true Plaintiff's allegation that Defendants have a buyer for the Property at hand, it is clear that a delay of several months would jeopardize the prospects of that sale and would likely prevent Defendants from timely recouping some portion of the lien amount. In view of the improbability of any success by Plaintiff on the merits of his case, it is clear that the prejudice to Defendants from the delay in the expungement of the notice of *lis pendens* would clearly outweigh any benefit to Plaintiff.

Plaintiff's Motion to Stay will be denied.

### B. Motion for Extension of Time

Plaintiff's second "pro per motion" seeks a 30-day extension of time for Plaintiff to find a replacement attorney and for the attorney to file an additional opposition to Defendants' motion to dismiss the FAC. Somewhat puzzlingly, Plaintiff filed his Opposition two days later. It is apparent that what Plaintiff is seeking is an extension of time during which Plaintiff may find alternative counsel and for new counsel to file an *additional*

*opposition* to Defendants' motion to dismiss. For the reasons that follow, Plaintiff's Motion to Extend will be denied.

Given that Plaintiff is not entitled to a stay of enforcement of the order of expungement of the notice of *lis pendens*, it is unlikely that a 30-day extension of time to file an additional opposition to Defendants' motion to dismiss will benefit Plaintiff's position *vis-á-vis* his claim on the Property. Further, as previously stated, the court has independently evaluated Plaintiff's FAC and has found that the central legal theory set forth there – that Plaintiff has a superior lien on the Property – is completely without merit. Thus, the court is of the opinion that there is very little probability that any additional opposition would benefit Plaintiff. Essentially, the Opposition that Plaintiff submitted was probably as helpful to him as any other argument would have been. Finally, if Plaintiff is of the opinion that he may benefit from appellate review of this court's decisions, the most expeditious path to appellate review is by expeditious resolution of this action and prompt entry of judgment so that Plaintiff could then proceed to appeal.

The court concludes that the best interests of all parties are advance by the avoidance of further delay in this matter. The court will therefore deny Plaintiff's Motion for Extension of Time. If Plaintiff should later find counsel and determine that additional opposition to Defendant's motion to dismiss would be beneficial to him, he may move for reconsideration in light of the further opposition.

**II. Motions Related to Attorney's Fees**

Plaintiff has moved to reverse the court's award of attorney's fees to Defendants for the costs of their motion to expunge the notice of *lis pendens* and/or to tax attorney's fees to Plaintiff's now-estranged attorney. Plaintiff's motions appear to be based on the mistaken notion that the assessment of attorney's fees had something to do with the filing of a frivolous motion or action and that the attorney's fees were awarded pursuant to Rule 11 of the Federal Rules of Civil Procedure. This is simply not the case. The award of attorney's

fees was made pursuant to California Code of Civil Procedure, section 405.38 which *mandates* that the prevailing party in a motion to expunge notice of *lis pendens* be awarded reasonable attorney's fees unless the opposing party can show that it "acted with substantial justification, or that other circumstances make the imposition of attorney's fees unjust." Doc. # 38 at 9:6-7 (citing Cal. Code Civ. Pro. § 405.38). The Magistrate Judge found that Plaintiff's opposition to Defendants' motion to expunge was without substantial justification, and this court can see no basis for disagreement with that finding. Defendants are therefore entitled to an award of attorney's fees.

       Plaintiff also moves that the attorney's fees be taxed to his attorney. While the reason is not entirely clear, it appears to be Plaintiff's contention that his attorney somehow made a frivolous motion or failed to adequately defend Plaintiff from the allegation that a frivolous motion had been filed. The court finds no merit in Plaintiff's contentions. The notice of *lis pendens* has been a central component of Plaintiff's strategy from the beginning of this action. It was the primary, and perhaps only, means by which Plaintiff could prevent or at least discourage the sale of the Property to a third party during the pendency of this action. Having conclusively demonstrated that he had no legal basis to sustain a legal claim to the property, Plaintiff cannot now complain that he is required to pay Defendants the costs of removing the cloud on the title that was cause by the notice of *lis pendens*.

       Plaintiff's motions to reverse the award of attorney's fees to Defendants of the cost of their motion to remove the notice of *lis pendens* or to tax such award to Plaintiff's attorney will be denied.

**III. Other Emergency Motions**

       Plaintiff has moved to be relieved of counsel and to be permitted to continue *in pro per*. Plaintiff does not need leave of court to be relieved of counsel. Given that Plaintiff's ability to represent himself is in contention because his status as sole proprietor of Top to Bottom Cleaning is in contention, the court will decline at this time to permit Plaintiff to

proceed *in pro per* except to the extent already permitted by the court's consideration of Plaintiff's Emergency Motions and "pro per motions."

THEREFORE, for the reasons set forth above, the court ORDERS that:

1. Plaintiff's Motion to Stay, Document # 45, is hereby DENIED
2. Plaintiff's Motion to Extend, Document # 44, is hereby DENIED
3. Plaintiff's Motion for the reversal of the award of attorney's fees to Defendants for the costs of their motion to expunge notice of *lis pendens* is DENIED.
4. Plaintiff's motion to tax the award of attorney's fees to his attorney of record is DENIED.
5. Plaintiff's motion to represent himself *in pro per* is GRANTED to the limited extent necessary for the court to give consideration to the motions set forth in Documents Numbered 44, 45, and 51. Plaintiff's motion to represent himself *in pro per* in this action is otherwise DENIED.
6. Plaintiff's motion to be relieved of counsel is DENIED as moot.

IT IS SO ORDERED.

Dated:   May 18, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE

7