IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB WINDING dba Top to Bottom Cleaning Service, <br><br> Plaintiff, <br><br> v. <br><br> NDEX WEST, LLC as TRUSTEE; WELLS FARGO BANK, N.A., and DOES 1 through 100, inclusive, <br><br> Defendants | CV F 10 - 2026 AWI DLB <br><br> MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE AND RELATED ORDERS <br><br> Doc. #'s 39, 40 and 45 |

    This is an action for declaratory and injunctive relief, economic damages, and exemplary damages by Jacob Winding dba Top to Bottom Cleaning Service ("Plaintiff") against defendants, NDEX, LLC, and Wells Fargo Bank, N.A. (Collectively, "Defendants"). The action arises out of the foreclosure and sale of a parcel of land located in Salida in Stanislaus County.  In the complaint, Plaintiff alleges claims for declaratory relief, cancellation of instruments, and fraud.  In this memorandum opinion and order, the court addresses Defendants' motion to dismiss Plaintiff's First Amended Complaint ["FAC"] and Defendants' motion to strike portions of the FAC.  The parties do not dispute that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.  Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The factual background presented here is drawn primarily from the FAC and from other documents that the court has previously judicially noticed. See Doc. # 29 at 2-4. The facts set forth below are substantially the same as set forth in Plaintiff's original complaint and are not disputed except as noted.

At issue in this action is title to a piece of property located in Salida in Stanislaus County (hereinafter, the "Property"). On April 13, 2007, a first trust deed (the "2007 Trust Deed") was executed by then owners, Warner and Iris Bowers, ("Owners") using the Property to secure a loan in the amount of $255,500.00 (the "2007 Loan"). The lender was World Savings Bank, FSB, which eventually became Wells Fargo Bank, N.A. The court has previously judicially noticed documents denoting the transition of World Savings Bank, FSB, through sales, mergers and name changes to its current identity as Wells Fargo Bank.

On August 19, 2009, a Deed of Trust was recorded on the Property securing a loan of $80,000.00 (the "2009 Trust Deed"). Plaintiff Jacob Winding was named as Trustee of the 2009 Trust Deed and TTB Services, Inc. was named beneficiary. Plaintiff argues that the 2009 Trust Deed was executed and notarized on July 29, 2006. As previously noted by the court, the 2009 Trust Deed, although executed on July 29, 2006, was not notarized until October 10, 2007, and was not recorded until August 19, 2009. As will be discussed below, to the extent priority of trust deeds is important in this action, the priority is established under California law according to the date of recordation. The court will therefore continue to refer to the Trust Deed executed on July 29, 2006, naming Plaintiff as trustee as the "2009 Trust Deed."

On August 19, 2009, Owners executed an "Assignment of Deed of Trust and Assignment of Rents" granting to TTB Service, Inc., Top to Bottom Cleaning Services, All beneficial interest under the 2009 Deed of Trust. The Assignment was recorded on December 30, 2009.

On December 4, 2009, the owner Warner Bowers transferred his interest in the Property via quitclaim deed to TTB Services, Inc. The quitclaim deed was recorded on December 7, 2009.

Plaintiff's FAC alleges the 2007 Loan went into default[1] at sometime prior to March 24, 2010. Plaintiff also does not dispute that Wells Fargo recorded a Notice of default on March 24, 2010, and a Notice of Sale on June 25, 2010. The parties both allege that a trustee's sale was conducted on September 22, 2010. The parties agree that Wells Fargo took title to the Property at the trustee's sale pursuant to its credit bid.

Plaintiff's FAC alleges that "Defendants failed to provide adequate notices of sale of the [Property] by posting said notices in a manner that was neither conspicuous nor likely to put Plaintiff on notice that the [Property] was to be sold." Doc. # 35 at ¶ 23. In addition, Plaintiff alleges "Plaintiff is unaware of any notices of sale of the [Property] having been sent to him pursuant to the California Civil Code. Doc. # 35 at ¶ 24.

The now-operative FAC was filed on March 16, 2011, following the dismissal of Plaintiff's original complaint pursuant to Defendants' motion to dismiss. The FAC alleges three claims for relief. The first requests the court declare Plaintiff's rights with regard to the priority of the Plaintiff's and Defendants' claims on the Property. The second claim for relief requests injunctive relief to hold void the promissory note secured by 2007 Deed of Trust and the Deed of Trust Upon Sale. Plaintiff's third claim for relief alleges fraud based on Defendants' representation of the status of their Deed of Trust as superior to Plaintiff's. The instant motions to dismiss and to strike were filed on March 31, 2011. On May 5, 2011, the court vacated the scheduled hearing date and took the matter under submission as of May 9,

---

[1] Plaintiff actually alleges that Owners defaulted on the 2007 mortgage at sometime prior to March 24, 2010. It is not disputed that the Property was conveyed to Plaintiff dba TTB Services, Inc. by way of quitclaim deed on or about December 4, 2009. Thus, whenever the default actually occurred, Plaintiff was the owner of the Property at the time notice of default was recorded on March 24, 2010. Given that there is no dispute that the 2007 mortgage was in default as of the time the notice of default was issued, it is not important to this opinion when default occurred or who owned the Property at the time.

3

2011.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly"). While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature. See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.' [Citation.]" Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  However, a district court may consider materials in a 12(b)(6) motion to dismiss that are not part of the pleadings but that are 'matters of public record' of which the court may take judicial notice pursuant to Federal Rule of Evidence 201.  Id. Specifically, a district court may take judicial notice of public records related to legal proceedings in both state courts and in the district court.  See Miles v. State of California, 320 F.3d 986, 987 (9th Cir. 2003) (district court taking judicial notice of related state court proceedings); Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1894) (district court takes notice of prior related proceedings in the same court).

## DISCUSSION

**I. Plaintiff's Request for Declaratory Relief**

Plaintiff's central contention is that his 2009 Deed of Trust "is in first position of priority with respect to encumbrances on the Subject Property," and that Defendants' 2007 Deed of Trust "is in second position of priority as an encumbrance on the Subject Property, subject only to prior liens and encumbrances." Doc. # 35 at 5:14 - 18.  Basically, what Plaintiff seeks in his first claim for relief is the court's declaration that Defendant's claim on the Property is subordinate to Plaintiff's claim because Plaintiff established his claim first by executing a Deed of Trust that was signed in 2006, approximately 9 months prior to the time Defendant's 2007 Deed of Trust.

The subject of priority of claims has been addressed in the Magistrate Judge's order granting Defendants' motion to remove the notice of pending litigation, Document No. 38. The Magistrate Judge's decision concluded there were two reasons Plaintiff's contention that his lien on the Property under the 2009 Trust Deed is senior to Defendants' lien under the 2007 Trust Deed failed.  First, the Magistrate Judge correctly determined that lien priority established under California's "Race Notice" statutes provides that lien priority is determined

by date of recording and that Plaintiff's lien was recorded later than Defendants. Doc. # 38 at 7:9-19 (citing Cal. Civ. Code§§ 1214 and 1107). Second, and in the court's opinion more determinative of Plaintiff's claims, the Magistrate Judge concluded that "when Plaintiff (TTB) took title [to the Property] by quitclaim deed, Plaintiff's [2009] Deed of Trust was extinguished and his loan was no longer secured by the Property." Doc. # 38 at 7:21-23 (citing Sheldon v. La Brea Materials Co., 216 Cal. 686, 691 (1932)).

"[A] trust creates an immediate interest making the beneficiary an *equitable* owner of the trust res." Burkett v. Capovilla, 112 Cal.App.4th 1444, 1450 (2nd Dist. 2003) (italics added). When the *legal* ownership of the trust res is transferred to the beneficiary, the legal and equitable interests merge and the trust (and mortgage creating the trust) is extinguished. O'Meara v. DeLamater, 52 Cal.App.2d 665, 668 (4th Dist. 1942). Exhibits B and C of Plaintiff's FAC establish that TTB Services, Inc. was the Beneficiary of the 2009 Trust Deed created by the 2006 mortgage. Exhibit D to Plaintiff's FAC establishes that Owners conveyed legal title to the res of the Trust Deed - the Property - via quitclaim deed to TTB Services, Inc. on December 4, 2009. As of that date, TTB Services, Inc. became the owner of both legal and equitable interests in the Property and the legal and equitable interests merged extinguishing the mortgage and its Trust Deed. At that point both the $80,000.00 mortgage and the Trust Deed created by that mortgage in 2006 ceased to exist and Plaintiff dba TTB services, Inc. became simply the owner of the Property.

Plaintiff's FAC and the documents attached to it show that the Property was transferred to TTB Services, Inc. via quitclaim deed. "A quitclaim deed, however, "transfers only whatever interest the grantors possess at the time of the conveyance." In re Marriage of Gioia, 119 Cal.App.4th 272, 281 (2 Dist. 2004). A quitclaim deed does not contain any implied covenant or warranty of title or freedom from encumbrances. Id. Consequently, Plaintiff took the property subject to any liens on the property existing at the time of the conveyance on December 4, 2009, including the lien created by Defendants' 2007 Deed of

6

Trust.

Plaintiff's first claim for declaratory relief will be dismissed. Plaintiff's central contention that his lien on the Property is senior to Defendants' is without any factual or legal basis because Plaintiff has no lien on the Property because the 2006 mortgage and its corresponding lien was extinguished when the Property was conveyed to Plaintiff. On December 4, 2009, Plaintiff became owner of the Property subject to the lien established by Defendants 2007 mortgage and Trust Deed.

## II. Plaintiff's Second Claim for Cancellation of Instruments and Third Claim for Fraud

Plaintiff's second claim for relief seeks cancellation of the Promissory Note secured by the 2007 Deed of Trust and the subsequent Trustee's Deed Upon Sale. Cancellation of both instruments is sought on the ground both were obtained by the fraud complained of in Plaintiff's third claim for relief. Plaintiff's second claim for relief therefore hinges on the success of his third claim for relief to which the court turns first.

Plaintiff's third claim for relief for fraud alleges the following:

1. "[Defendants issued] a Notice of Default, Notice of Sale and subsequent non-judicial foreclosure of the Subject Property pursuant to a Deed of Trust [that was] junior to that of Plaintiff. Doc. # 35 at ¶ 35.

2. "Defendants [. . .] had actual and constructive knowledge that their deed was junior to that of Plaintiff, by virtue of Plaintiff's recordation of his Deed of Trust prior to the date that Defendants' recorded their Notice of Default and Notice of Sale." Doc. # 35 at ¶ 36.

3. "Despite this actual and constructive knowledge, Defendants, [. . .], proceeded to foreclose on the Subject Property by fraudulently concealing their junior status to Plaintiff's on the aforementioned deeds, and did so intentionally without providing notice of the foreclosure to Plaintiff as required by Statute . . . ." Doc. # 35 at ¶ 37.

The elements of common law fraud normally requires the plaintiff to prove "(a) [a] misrepresentation ...; (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996). The allegations quoted above set forth the factual basis for the

7

elements of falsity and scienter.  Since the court has found that Plaintiff did not hold a senior Deed of Trust – that he in fact held no deed of trust as of the date of Defendants filing of Notice of Default and subsequent notices – the elements of falsity and scienter must fail. Plaintiff alleges, and Defendants vigorously dispute, that Defendants failed to supply notice of Default and Notice of Sale according to the requirements of California law.  The court need not rule on the adequacy of Defendants' notice since the lack of notice is not, by itself, a sufficient basis for a claim of fraud where there are no facts to establish falsity or scienter.

Because Plaintiff's claim for fraud fails, his claim for cancellation of instruments must also fail.  Plaintiff's second and third claims for relief will therefore be dismissed. Because the court finds that Plaintiff has failed to state a claim upon which relief can be granted as to each of Plaintiff's claims for relief, the court will dismiss the FAC in its entirety and need not decide Defendants' motion to strike.  Defendants' motion to strike will be denied as moot.

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).  In the order granting Defendant's motion to expunge the notice of pending litigation, the Magistrate Judge expressed doubt as to the viability of Plaintiff's claims.  Plaintiff's FAC proves out the Magistrate Judge's concern.  The linchpin of Plaintiff's action is his contention that Defendants could not proceed to foreclose on their lien because Plaintiff held a superior lien. As discussed, this contention is both factually and legally without merit.  The court must conclude that Plaintiff's failure to state a claim upon which relief can be granted cannot be cured by further pleading.  Leave to amend will therefore be denied and judgment will be entered in favor of Defendants.

The court also notes that Plaintiff has moved to stay the order granting expungement

of the notice of *lis pendens* and appears to have moved (or is perhaps contemplating moving) for an order for interlocutory appeal.  Given that this memorandum opinion and order brings this case to final judgment, there is no reason for grant of a stay of the prior order for expungement of the notice of *lis pendens* nor is there any reason for interlocutory appeal.  As of the filing of this order and entry of judgment by the Clerk of the Court, Plaintiff is entitled to seek appeal pursuant to 28 U.S.C. § 1291 and Rule 3 of the Federal Rules of Appellate Procedure.  Therefore, any motions relating to stay or interlocutory appeal will be denied as moot.

THEREFORE, for the reasons discussed above, it is hereby ORDERED that:

1. Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is hereby GRANTED as to all claims set forth in the FAC.  Plaintiff's FAC is hereby DISMISSED in its entirety with prejudice.
2. The Clerk of the Court shall enter judgment in favor of Defendants and shall CLOSE the CASE.
3. Defendant's motion to strike is DENIED as MOOT.
4. Plaintiff's motion to stay the Magistrate Judge's order removing notice of *lis pendens* is DENIED.
5. Plaintiff's motion for stay of sale of the Property is DENIED.
5. To the extent there are any pending motions regarding interlocutory appeal, such motions are DENIED as Moot.

IT IS SO ORDERED.

Dated:   May 18, 2011

CHIEF UNITED STATES DISTRICT JUDGE

9